# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RAFAEL MAGANA MICHEL, AKA
FRANCISCO JAVIER MICHEL
MAGANA,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

Case No. 2:08-CV-00473-KJD-PAL
        2:06-CR-00361-KJD-PAL

**ORDER**

     Presently before the Court are Movant's Motions to Vacate, Set Aside, or Reduce Sentence (#66/77).  The United States filed a response in opposition (#79).  Assuming Movant's second motion merely supplements his initial motion and is not untimely and barred by the rule against successive motions, the Court denies the motions.

     Michel argues that his counsel at sentencing provided ineffective assistance of counsel by failing to argue that his status as a deportable alien was a mitigating factor requiring the Court to depart downward because he is not eligible for drug rehabilitation or to serve the last six months of his sentence in a halfway house.  Further, Michel argues that he has been denied equal protection and due process, because his sentence is resultingly more severe than it would be if he was a United States citizen.

     However, Michel did not receive ineffective assistance of counsel, because the possibility of deportation is not a proper ground for departure.  See United States v. Alavarez-Cardenas, 902 F.2d

734, 736-37 (9th Cir. 1990).  Furthermore, Bureau of Prison policies preventing deportable aliens from participating in programs such as drug rehabilitation and halfway houses have been found constitutionally adequate.  See McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999)(exclusion from community based treatment programs does not violate inmate's equal protection rights). Denying deportable aliens a one-year sentence reduction for completing drug rehabilitation does not violate due process, because denying the reduction does not "impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472 (1995)("In fact, denial merely means that the inmate will have to serve out his sentence as expected").

Movant cannot show that he received ineffective assistance of counsel, because he cannot show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 694 (1984).  If Plaintiff's counsel had argued for downward departure based on his deportable alien status, the Court would have denied the departure.  The bar for receiving such a departure is extremely high and the circumstances justifying such a departure are extremely rare.  See, United States v. Charry Cubillos, 91 F.3d 1342, 1344 (9th Cir. 1996). Movant has not made the requisite showing that the difference in severity justifies a departure.  Instead Movant makes blanket allegations of general unfairness which are insufficient now, and would have been insufficient at sentencing.  See id. Therefore, the Court denies Movant's motions.

Accordingly, **IT IS HEREBY ORDERED** that Movant's Motions to Vacate, Set Aside, or Reduce Sentence (#66/77) are **DENIED**.

DATED this 3rd day of August 2011.

_____
Kent J. Dawson
United States District Judge

2